IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

SHANNON KELLY,

    Plaintiff,

v.                               CIVIL ACTION No. 2:08-00933

WEST VIRGINIA BOARD OF LAW
EXAMINERS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiff's motion for a preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure. For reasons expressed more fully below, the motion is denied.

**I.  Background**

The plaintiff, Shannon Kelly ("Kelly"), is a 2007 law school graduate. Kelly has been diagnosed with a learning disability. Because of his disability and pursuant to the Americans with Disabilities Act ("ADA"), Kelly requested that the West Virginia Board of Law Examiners ("the Board") provide him with the following accommodations during the July 2007 West Virginia Bar Exam ("2007 Bar Exam"): 1) large print (18 point font) test questions; 2) a distraction reduced testing environment; and 3) double the regular time to complete the exam. The Board, apparently conceding that Kelly was a disabled person, permitted

Kelly to have large print (18-point font) question booklets, a private room for testing, and time and a half for the 2007 Bar Exam. Kelly took the exam under these conditions and did not pass.

Kelly then reapplied for the July 2008 West Virginia Bar Exam ("2008 Bar Exam") and requested the same special accommodations that he had sought for the 2007 Bar Exam. In so doing, Kelly relied on the same information he had provided to the Board previously. The Board again denied his request for double time, instead allowing time and a half.

On July 21, 2008, Kelly filed the instant action pursuant to the ADA. Kelly seeks injunctive relief compelling the Board to provide him double the usual time allotted to complete the exam. In his complaint, plaintiff also contends that he has been denied due process, in violation of his rights under both the United States and West Virginia constitutions.

Given that the 2008 Bar Exam was to begin on July 29, 2008, the court held a hearing on the request for a preliminary injunction on July 23, 2008. Defendants filed a response to plaintiff's motion the day of the hearing and plaintiff has filed a reply.

**II. Applicable Standard**

Federal Rule of Civil Procedure 65 empowers courts to issue preliminary injunctions. "[A] preliminary injunction is an

-2-

extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." Hughes Network Sys., Inc. v. InterDigital Commc'n. Corps., 17 F.3d 691, 693 (4th Cir. 1994) (quoting Fed. Leasing, Inc. v. Underwriters at Lloyd's, 650 F.2d 495, 499 (4th Cir. 1981)).

In the Fourth Circuit, a court must consider four factors prior to issuing a preliminary injunction: (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied; (2) the likelihood of harm to the defendant if the injunction is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest. See Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 195-96 (4th Cir. 1977); see also Safety-Kleen, Inc. v. Wyche, 274 F.3d 846, 859 (4th Cir. 2001) (citing Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991)). The four factors are not to be given equal weight. Irreparable harm to the plaintiff and harm to the defendant are the most important considerations. See Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1985). Balancing these two hardships allows the court to determine how much weight should be given to the likelihood that plaintiff will succeed on the merits. See Hughes Network Systems, Inc. v. Interdigital Comm. Corp., 17 F.3d 691, 693 (4th Cir. 1994). If the likelihood of irreparable harm to the plaintiff is great, the court may issue a preliminary

injunction if the court concludes that the dispute presents a serious issue for resolution and the injunction will serve the public interest.  See id.

"Where, however, the grant of the preliminary injunction will give the movant essentially all the relief [he] seeks, the injunction is often deemed mandatory rather than prohibitory, and a somewhat higher standard is applied, under which the movant must show a substantial likelihood of success on the merits, rather than merely a likelihood of success."  D'Amico v. New York State Board of Law Examiners, 813 F. Supp. 217, 220 (W.D.N.Y. 1993) (emphasis in original).  "Mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief."  Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).  "Mandatory preliminary injunctive relief in any circumstance is disfavored, and warranted only in the most extraordinary circumstances."  Taylor v. Freeman, 34 F.3d 266, 270 n. 2 (4th Cir. 1994).

**III. Analysis**

    A. *Balancing of Harms*

        1.   Irreparable Harm to Plaintiff

Kelly contends that he will suffer irreparable and immediate harm if the Board does not provide him with the requested accommodations.  According to him, he is "losing the chance to

engage in the normal life activities by the Board's failure to grant his request for double time." Kelly states that if he is not given the accommodations he will be unable to start work as an attorney.

The Board counters that Kelly will not suffer irreparable harm for several reasons.  First, it contends that there is no evidence that plaintiff will be harmed if he is only given time and a half, rather than double time, because the record shows that plaintiff has been successful on examinations when he has received similar or lesser accommodations in the past.  Second, the Board contends that if plaintiff fails the July 2008 Exam he can sit for the February 2009 Bar Exam so any harm would not be irreparable.

The court does not believe that plaintiff has shown a sufficient likelihood he will suffer irreparable harm if the injunction is denied.  According to Dr. Bobby Miller, who testified on behalf of defendants at the hearing, the accommodations agreed to by the Board are sufficient to accommodate Kelly's disability.  As Dr. Miller stated and the record bears out, plaintiff has been successful in the past when he has not received double time for testing.  For example, his request for double time to take the Multistate Professional Responsiblity Exam (MPRE) was denied and Kelly passed the exam anyway.  Furthermore, while it would certainly be undesirable to

-5-

have to retake the exam in February 2009 should plaintiff fail the July 2008 Exam, the fact that he can take it again cuts against the notion that any harm he will suffer is irreparable.

    2.    <u>Harm to Defendants</u>

While plaintiff contends that any harm to defendants as a result of the injunction will be minimal, defendants contend otherwise. According to the Board, given the competitive nature of the bar examination, it is crucial that any accommodations given to applicants to the Bar be uniformly applied and fairly administered. If plaintiff is given the relief requested when the Board has determined such an accommodation is unnecessary, any harm to other applicants and the examination process itself cannot be undone.

Because the court agrees that the Board will suffer harm should the injunction be granted, the court concludes that the balancing of harms analysis does not favor plaintiff.

    B.    *Likelihood of Success on the Merits*

In order to prevail on his ADA claim, Kelly must show that (1) he is disabled, (2) his requests for accommodation are reasonable, and (3) that those requests have been denied. <u>Cox v. Alabama State Bar</u>, 330 F. Supp. 2d 1265, 1267 (M.D. Ala. 2004); <u>D'Amico v. New York State Board of Law Examiners</u>, 813 F. Supp. 217, 221 (W.D.N.Y. 1993). Given that the Board granted certain of his requests for accommodation, for purposes of this motion,

the court has proceeded on the assumption that Kelly has shown he is disabled. Furthermore, it is undisputed that Kelly's request for double time has been denied. Accordingly, the issue is whether Kelly can show his request for double time was reasonable.

At this juncture, the court cannot conclude that Kelly has shown a substantial likelihood (or even a likelihood) of success on the merits because the evidence does not establish his request for double time was reasonable. Given the testimony of Dr. Miller that such a request was not reasonable, the evaluation of Dr. Ostien containing a recommendation of time and a half for testing, and Kelly's success on the MPRE without any additional time, there is ample evidence to dispute Dr. Braccia's conclusion that such an accommodation was necessary. Accordingly, the court finds that there are material issues of fact regarding what constitutes a reasonable time accommodation given plaintiff's disability and, therefore, the court cannot conclude there is a substantial likelihood plaintiff will succeed on the merits.[*]

D.   *Public Interest*

Because the balancing of harms does not "tip decidedly" in favor of plaintiff and plaintiff cannot show a likelihood of

---

[*] Likewise, the court cannot conclude that plaintiff is likely to succeed on the merits of his due process claims because it is uncertain that he possesses the due process rights he claims were violated.

success on the merits, the court does not reach the issue of the public interest.

**IV. Conclusion**

For the reasons stated above, Kelly's Motion for Preliminary Injunction is **DENIED**. The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

It is **SO ORDERED** this 24th day of July, 2008.

ENTER:

*David A. Faber* (signature)

David A. Faber
United States District Judge